UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

VINCENT MAZZOLA,
individually and as Administrator
of the Estate of Theresa Mazzola,

                                     CASE NO.:

      Plaintiff,

v.

FEDERAL INSURANCE COMPANY.,
a Indiana corporation, and
BROWN & BROWN, INC.,
a Florida corporation,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY ACTION; BREACH OF CONTRACT AND NEGLIGENCE

Plaintiff VINCENT MAZZOLA, individually and as Administrator of the Estate of Theresa Mazzola ("MAZZOLA"), sues Defendant FEDERAL INSURANCE COMPANY, ("FEDERAL")., an Indiana corporation, and BROWN & BROWN, INC., ("BROWN") a Florida corporation and alleges:

## PARTIES

1.    VINCENT MAZZOLA is and was, at all material time, a resident of the State of New Jersey, and was appointed by the Surrogate Court of Somerset County, New Jersey, as the Administrator of the Estate of THERESA MAZZOLA, deceased, who was the wife of VINCENT MAZZOLA.

2.    Defendant FEDERAL is a corporation organized and existing under the

*Mazzola v. Federal Ins. Co. And Brown & Brown Ins. Co.*
*Plaintiff's Complaint*
*Page 2*

laws of the State of Indiana with its principal place of business in Indianapolis, Indiana., and authorized to transact insurance business in the State of Florida.

3.      Defendant BROWN is a corporation organized and existing under the laws of the State of Florida with its principal place of business in Tampa, Florida and transacts business in the State of Florida as an insurance agent and broker.

## STATEMENT OF JURISDICTION

4.      This is an action is brought against FEDERAL  under the provisions of 28 U.S.C. § 2201 to determine the rights and duties of the parties under the Masterpiece Personal Excess Umbrella Liability Insurance Policy, Policy Number 13021547-02, issued by FEDERAL to Ronald M. Lacey as the "Named Insured" thereunder ("Policy"), a copy of which is in the possession of Defendants. The limits of Liability under the Policy in question is $5,000,000 each occurrence where applicable.

5.      As to BROWN, this is an action for breach of contract and negligence to procure insurance which damages are in excess of the minimal jurisdictional limits of this Court, exclusive of interests and costs.

6.      Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

## FACTS

7.      This cause arises out of a underlying lawsuit for the injuries sustained

by VINCENT and THERESA MAZZOLA arising from a collision between the M/Y

*ALMOST THERE* owned by Ronald M. Lacey (Lacey) and the *LAZY BONES* owned

by Lazy Bones Charter, Inc., on January 24, 2006.

8.     On January 24, 2006, Plaintiff MAZZOLA and his wife were fishing

aboard the fishing charter boat the *LAZY BONES*, anchored within the territorial

waters of Florida off the coast of Anclote Key, near Tarpon Springs, Florida, with the

couple's friends, James and Audrey Maune, Ship's Captain Andrew Hoffman, and

Mate, Dustin Saaf.  The day was foggy, with intermittently patchy areas of fog

creating visibility of less than one hundred yards at times.

9.     Lacey was operating and in command of the *M/Y ALMOST THERE,*

which struck the *LAZY BONES* as she was anchored in the open waters ten nautical

miles off the coast of Anclote Key, resulting in the sinking of the *LAZY BONES*, the

personal injury of VINCENT MAZZOLA, and the injury and resulting death of

Theresa Mazzola from complications of a crushed pelvis.

10.     Lacey notified his primary insurer (The Standard Fire Insurance

Company) and FEDERAL of the subject accident. The primary insurer provided

insurance coverage of $1,000,000.00 and provided defense of the underlying action.

FEDERAL denied coverage under the Masterpiece Personal Excess Liability Policy

pursuant to correspondence dated January 27, 2006 (copy of which is in

Defendant's possession) which denial was reconfirmed by letter dated October 10,

*Mazzola v. Federal Ins. Co. And Brown & Brown Ins. Co.*
*Plaintiff's Complaint*
*Page 4*

2006 (copy of which is in Defendant's' possession), asserting that there was no coverage pursuant to the Large Watercraft Exclusion.

11.    On October 11, 2006, Plaintiff herein instituted suit individually for his injuries and damages, and for the injuries and wrongful death of THERESA MAZZOLA against Lazy Bones Charter, Inc., Lacey and the M/Y *ALMOST THERE* in the United States District Court for the Middle District of Florida, Case No.: 8:06-cv-01870-SCB-EAJ.

12.    The underlying action against Lacey was settled in the gross sum of $4,000,000.00. Primary insurer paid $970,000.00 of its $1,000,000.00 to Plaintiff. Lacey individually paid $250,000,00 to Plaintiff. Pursuant thereto, a Joint Stipulation and Agreement was entered into between the parties which is D.E # 12 in Case No.: 8:06-cv-01870-SCB-EAJ, wherein Lacey assigned to Plaintiff unconditionally and irrevocably the proceeds from any and all actions, causes of actions or rights it has against any person or entity arising out of or in any way relating to these events which includes the claims being asserted herein. Consent Final Judgment was thereafter entered (D.E. #13 and #14). Pursuant to the foregoing, the sum of $2,780,000.00 is presently due and owing to the Plaintiff.

13.    At all times material hereto, BROWN was a licensed insurance agent and broker in the State of Florida, and had binding authority from FEDERAL with respect to the issuance of Excess Policies on behalf of FEDERAL.

14.    Lacey dealt directly with BROWN with respect to obtaining the subject Masterpiece Personal Excess Liability Policy which BROWN orally confirmed bound to Lacey on or about January 23, 2006.

15.    At all times material hereto, BROWN had personal knowledge of Lacey's ownership of the M/Y *ALMOST THERE* and the fact that Lacey had owned a prior vessel.

## COUNT I
## <u>DECLARATORY ACTION AGAINST FEDERAL</u>

Plaintiff realleges Paragraphs 1 though15 and further alleges:

16.    By letter dated March 13, 2006, BROWN furnished to Lacey the subject Excess Policy.

17.    FEDERAL Policy's effective date was January 23, 2006, and the Policy at issue remained in effect through January 23, 2007, and therefore, was in effect at the time of the subject accident.

18.    Plaintiff maintains that excess coverage is afforded under the Masterpiece Personal Excess Liability Policy in question for the incident described above.  FEDERAL was aware that Lacey owned a 56 foot Sea Ray by virtue of the knowledge of FEDERAL's agent, BROWN.

19.    FEDERAL maintains that the Masterpiece Personal Excess Liability Policy excludes coverage for subject loss pursuant to the Large Watercraft Exclusion.

20.    The subject policy specifically provides that FEDERAL will pay on Lacey's behalf up to the sum of five million dollars for covered damages from any one occurrence, regardless of how many claims, homes, vehicles, **watercrafts,** or people are involved in the occurrence.  Furthermore, there is a requirement for primary underlying insurance for bodily injury and property damage in the minimum amount of $500,000.00 each occurrence for watercraft 26 feet or longer or more than 50 horsepower, which Lacey had.

21.    As a further result of the foregoing, Plaintiff, has been forced to retain the undersigned counsel to protect and enforce his right of the bringing of this action and has agreed to pay them a reasonable fee.  Plaintiff is entitled to attorney's fees pursuant to Florida Statute 627.428.

22.    The Plaintiff is in immediate need of a determination of his rights and FEDERAL'S responsibilities under the Policy in relation to the incident described above.

WHEREFORE,  Plaintiff  VINCENT  MAZZOLA,  individually  and  as Administrator of the Estate of THERESA MAZZOLA, respectfully requests that:

A.    This Court take jurisdiction of the cause;

B    This Court order, adjudge and decree that this is a proper cause of action for declaratory judgment and that there is a bona fide controversy between the parties as to their respective legal rights, duties, status, and liability;

C.    This Court declare that coverage is afforded under Policy Number13021547-02, issued by Defendant FEDERAL by BROWN to Lacey as the "Named Insured" thereunder arising out of or related in any fashion to the instant accident occurring on January 24, 2006, as more fully described above; and,

D.    This Court grant such other and further relief to which Plaintiff may be entitled.

### COUNT II - ACTION AGAINST BROWN FOR BREACH OF CONTRACT TO PROCURE INSURANCE

Plaintiff realleges Paragraphs 1 through 15 above and further alleges:

23.    This is an action for breach of contract to procure insurance coverage.

24.    At all times material hereto, Lacey utilized and relied upon BROWN to obtain and bind on his behalf adequate, suitable, and full personal excess liability coverage for injuries to or death of third parties, including for his watercraft.

25.    At all times material, Lacey requested and BROWN promised to procure such coverage as part of a package policy consisting of homeowners, primary liability, and personal excess liability.

26.    BROWN intended and/or should have reasonably expected that Lacey would rely upon such promise, agreement, and undertaking of BROWN which in fact, induced forbearance on the part of Lacey from making other arrangements.

27.    At all times material hereto BROWN knew that Lacey  was not otherwise insured under any other policies for personal excess liability pertaining to

the 56 foot Sea Ray M/Y *ALMOST THERE*.

28.    BROWN breached this agreement by failing to procure the subject personal excess liability coverage as agreed and promised.

29.    As a result of BROWN's breach, Lacey and his assignees have been damaged as fully set forth herein.

WHEREFORE, Plaintiff VINCENT MAZZOLA, individually and as Administrator of the Estate of THERESA MAZZOLA, demands judgment against Defendant, BROWN for the sum of $2,780,000.00, together with interests, costs, and for such and further relief as this Court deems just and proper.

## COUNT III - ACTION AGAINST BROWN FOR NEGLIGENCE IN FAILURE TO PROCURE INSURANCE

Plaintiff realleges Paragraphs 1 through 15 above and further alleges:

30.    At all times material hereto, Lacey utilized and relied upon BROWN to obtain and bind on his behalf adequate, suitable, and full personal excess liability coverage for bodily injury and death of third-parties.

31.    At all times material hereto, Lacey requested and BROWN undertook to procure such coverage as part of a package policy of insurance for Lacey inclusive of homeowners, primary liability, and personal excess liability, including coverage for his watercraft.

32.    As a result of such undertaking, BROWN had a duty to exercise due care in the consideration, selection, and placement of personal excess liability

insurance, and to act in good faith with regard to Lacey's interests and needs.

33.    At all times material hereto, Lacey expressly relied upon BROWN, its agents, servants and/or employees, to faithfully carry out such duties and undertakings on Lacey's behalf.

34.    BROWN was negligent and breached its duties in the following particulars:

      a)    In failing to use reasonable care in the selection and placement of and/or in failing to procure and obtain adequate, necessary and requested personal excess liability insurance coverage for bodily injury and death, including for his watercraft;

      b)    In failing to disclose to or advise Lacey of what coverages had been purchased and any limitations upon such coverage are that his watercraft was excluded under the subject excess policy.;

      c)    In failing to properly interpret the coverages obtained and to advise Lacey of its contents and inadequacies; and/or

      d)    In failing to recognize that Lacey was not insured on the Masterpiece Personal Excess Liability Policy with respect to the 56 foot Sea Ray M/V *ALMOST THERE,* for injuries or death of third parties.

35.     As a direct and proximate result of the foregoing negligence and breaches of duty by BROWN, Lacey and his assignees, have been damaged as more fully set forth herein.

WHEREFORE, Plaintiff VINCENT MAZZOLA, individually and as Administrator of the Estate of THERESA MAZZOLA, demands judgment against Defendant, BROWN for the sum of $2,780,000.00, together with interests, costs, and for such and further relief as this Court deems just and proper.

Dated this ____ day of July, 2008.

Respectfully submitted,

HAYDEN, MILLIKEN, BOERINGER & IRICK, P.A.
Attorneys for Plaintiff

By:_____
William B. Milliken, Esq.
Florida Bar No.: 143193
Christopher R. Koehler, Esq.
Florida Bar No.: 715131
5915 Ponce de Leon Boulevard - Suite 63
Miami, FL 33146-2435
Phone:     305.662.1523
Facsimile:  305.662.1358
E-mail:     wmilliken@hayden-milliken.com
E-mail:     ckoehler@hayden-milliken.com

H:\18128\Pldg\Dec.Action.Brown.wpd